JAMES F. TYLER COMPANY & ASSOCIATES, INC., ET AL.

V.

PAUL RAIBLE, JR.

Record No. 840606

June 12, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

* Justice Cochran participated in the hearing prior to his retirement on April 20, 1987 and, subsequently, in the decision of this appeal.

*E. Kendall Stock (Dennis Hanrahan,* on brief), for appellants.
*(O. Leland Mahan; John F. Lanham; Hall, Monahan, Engle, Mahan & Mitchell,* on brief), for appellee. Appellee submitting on brief.

PER CURIAM.

We granted this appeal to consider whether, as the trial court ruled, it lacked jurisdiction to set aside an arbitration award.

James F. Tyler Company & Associates, Inc. (Tyler), a real estate broker, and Paul D. Raible, Jr., a real estate salesman, entered into a written agreement to submit any "disagreement or dispute to arbitration in accordance with the rules, regulations and procedures of the Loudoun County Board of Realtors." A dispute over a sales commission developed, and arbitrators appointed for the purpose entered an award in favor of Raible.

On July 19, 1983, Raible filed a bill of complaint against the broker and its president, John F. Tyler, asking "[t]hat the Award of Arbitrators be entered as the Decree of this Court." The chancellor entered a show cause order against Tyler, and on August 8, the beginning of the ensuing term of court, Tyler filed a bill to set aside the award. Tyler alleged that the arbitration panel had denied it "procedural due process"; that the panel "made a conciliatory award . . . contrary to the . . . Agreement between Plaintiff and Defendant"; that the panel was not properly constituted because the members failed to sign the required statement against disqualification; that "there was lack of peer judgment on the

panel"; and that "[o]ne of the panel members . . . showed partiality . . . in violation of Section 8.01-580 of the Code of Virginia."

All counsel agreed that the matter should be taken under advisement, and on September 29, the chancellor entered an order fixing October 12 as the date for a pre-trial hearing on the question whether the award "was based upon a mistake of law or fact committed by the arbitrators." At the October 12 hearing, another hearing was set for October 24. At that hearing for the first time, Raible raised a question whether the court had jurisdiction to consider Tyler's bill to set aside the arbitration award.

Code § 8.01-579, the statute in effect at that time, provided that an arbitration award "shall be entered up as the judgment or decree of the court, unless good cause be shown against it at the first term after the parties have been summoned to show cause against it." The second such term of court had commenced October 11, and Raible argued that, because the statutory language was mandatory, the court had no jurisdiction to set aside the award after the end of the first term. The chancellor agreed, found that "good cause was not shown at the first term of Court as required by statute," ruled that "[i]t is the duty of counsel to see to it that they fit into the jurisdiction of the Court," and entered a final decree adjudging that "the award of arbitrators . . . is entered as the Decree of this Court."

We assume without deciding that the statutory requirement that "good cause be shown . . . at the first term" is jurisdictional.** We are of opinion, however, that the requirement was satisfied, and, hence, that the chancellor erred in holding otherwise.

Apparently, the chancellor interpreted the statute to mean that a court has no jurisdiction to grant a request to set aside an arbitration award unless the party aggrieved, having been served with a show cause order, marshals its evidence, demands and acquires a date for an evidentiary hearing, and proves its case against the award, all at the next ensuing term of court. We do not believe that the General Assembly intended to exacerbate the problems of a trial court's docketing process by imposing such constraints on counsel.

** The kind of question raised by this appeal became academic upon enactment of the Uniform Arbitration Act, Code §§ 8.01-581.01, *et seq.* Acts 1986, c. 614.

■ As we construe legislative intent, the jurisdictional mandate of the statute did not require Tyler to *prove* its challenge to the validity of the arbitration award at the first term of court but only to show good cause for the challenge. Tyler filed its bill to set aside the award timely, and we hold that the allegations in its bill satisfied the jurisdictional mandate. Accordingly, we will reverse the decree and remand the cause for further proceedings.

*Reversed and remanded.*